# Corey-Scheffel Lumber Co. v. Gernert Bros. Lumber Co.

(Decided Dec. 16, 1932.)

BENJAMIN F. GARDNER for appellant.

W. A. ARMSTRONG for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The parties to this litigation are each corporations, and both of them were at the time of the matters here involved engaged in the lumber business in the city of Louisville. The appellant and defendant below will be referred to as the Corey Company, and the appellee and plaintiff below will be referred to as the Gernert Company.

As we gather from the record, the situs of the business of each of the parties was on Burnett street and on contiguous lots. Somewhere near the line separating those lots, or so near thereto as to render it accessible from defendant's lot and place of business, the plaintiff, Gernert Company, owned a railroad switch, and from which it loaded and unloaded cars in the operation of its business. On January 15, 1921, it contracted with defendant, the Corey Company, under the terms of which the latter was given the privilege of using the switch track in the operation of its business upon agreed terms. It contained a stipulation that the contract should run from year to year, and be automatically renewed, but either party upon six months' notice before the beginning of any year had the right to terminate it. There was also a stipulation in it giving the defendant the right to assign it and vest its assignee with its benefits and privileges should it make a sale of its business.

That contract was in full force in December, 1921, when negotiations began looking to a sale of

defendant's plant to another corporation styled Hillerich & Bradsby Company. The latter company hesitated in making the purchase of defendant's plant because of the stipulation in its switching contract with plaintiff giving the right of either party to terminate it upon six months' notice. To remove that objection, it insisted on another one containing the same dues and rental considerations, but with a fixed period for its duration, and which finally culminated on February 1, 1922, in a new contract between plaintiff and the Hillerich Company, whereby the latter as the successor of defendant was given the same switching privilege for a period of ten years from that date, but with no right of termination before that time by either party except, perhaps, the cessation of the lessee's business.

On the same day plaintiff and defendant by its proper officers executed and acknowledged a written option in these words: "For and in consideration of an agreement entered into this day by and between the Gernert Brothers Lumber Company and the Hillerich & Bradsby Company, wherein the said Gernert Bros. Lumber Company grants to the Hillerich & Bradsby Company the privileges of using their switch at Jackson & Burnett Sts., so as to enable the Corey-Scheffel Lumber Company to make a satisfactory transfer of their property to the said Hillerich & Bradsby Company, the said Corey-Scheffel Company hereby grants to the said Gernert Brothers Lumber Company an option on a certain lot known as the stable lot of the said Corey-Scheffel Lumber Company located at about the intersection of Jackson and Hill Streets in the City of Louisville, Kentucky. The said lot not to include however any buildings now on or that may hereafter be built on the said lot. The purchase price of the said lot is to be $200.00, and this option shall remain and be in effect for a period of ten years from the date thereof, and if not taken advantage of by the said Gernert Brothers Lumber Company within the said period of ten years then the said option shall expire and become null and void."

On February 24, 1930, the plaintiff filed this equity action against defendant in the Jefferson circuit court, and in its petition it made the necessary allegations to entitle it to a specific performance of that contract. The defense interposed was: That the

option contract was executed for an entirely different purpose than the new lease contract given by plaintiff to the Hillerich Company, i. e., to enable defendant to sell its business located at that place to that company, and that the actual consideration was one exclusively beneficial to plaintiff and of no benefit to defendant, and which was to enable plaintiff to change the course and location of its switching track in certain contingencies which never happened, and from all of which the option contract was without consideration.

Another defense was that plaintiff had made no demand upon defendant for performance of the contract before it filed its action, nor had it tendered or offered to tender the stipulated price of $200. Following pleadings made the issues, and upon submission after evidence taken, the trial court sustained the prayer of the petition and decreed specific performance of the option contract, and this appeal is prosecuted by defendant seeking a reversal of that judgment.

It is conceded (and which is correct) that, if the option contract was executed by plaintiff at the request of defendant so as to enable the latter to make sale of its plant to the Hillerich Company, then the consideration was and is a valuable one so as to sustain the option. We will therefore consume neither time nor space in the discussion of that proposition. Witnesses for plaintiff supported its contention; i. e., that the lease to the Hillerich Company for the use of the switch was given to the latter at the instance and request of defendant to enable it to make sale of its plant to the lessee in that new lease contract. Also the representative of the Hillerich Company during the negotiations of the involved transactions supported plaintiff's officers who testified in the case and stated that the purchasing company of the defendant's plant (Hillerich Company) refused to make the purchase unless plaintiff would give to it the lease for the switching privileges that it later did, and that such facts were known to and discussed with the proper officers of defendant.

Also plaintiff's witnesses testified that it was induced to execute the new switching lease to the Hillerich Company as demanded by it solely upon the promise contained in the option sought to be enforced by this action, and that it was so understood by both

plaintiff and defendant at the time the option contract was given. That position was also fortified by the real estate agent who effected the sale of defendant's plant to the Hillerich Company.

On the other hand, witnesses (two on this issue for defendant) testified that the renewed lease contract given by plaintiff to the Hillerich Company was agreed to before the option was given and before that subject was ever mentioned, and that it was done without its knowledge, agreement, consent, or request. In other words, according to those witnesses, the renewed lease contract given by plaintiff to defendant's purchaser was an independent transaction, entered into and completely executed by the parties thereto when defendant was first approached concerning the option that it executed to plaintiff. If the court had been so convinced, he would have concluded, no doubt, that the option contract was without consideration and in that event would have dismissed the petition. However, he did not accept that theory, but found from the testimony that the option was supported by the valuable and sufficient consideration which we have discussed, and we think he was justified in so concluding.

If the defense of no demand for performance accompanied with an offer and a tender of performance by plaintiff should be determined to be necessary in order to enable the latter to maintain its action, then we think the evidence sufficient to show that such preliminary requisites were complied with by plaintiff. However, if the evidence had not so established, then defendant waived any such preliminary steps by attempting to cancel the option before its expiration, and before the filing of this action, upon the ground that it was without consideration and not binding upon it. Such contention by defendant is contained in a letter written by it to plaintiff in which it stated that it was approached concerning the matter about a year prior thereto, and that at that time "We explained the conditions under which the option was given and made it plain to him that unless those conditions were carried out we didn't consider that the option was binding. We denied the validity of the option and heard nothing further about it. If it ever had any force, not being based on a valuable consideration, it was withdrawn over a year ago, and we again reaffirm that withdrawal." We conclude that the position taken in that

letter was a waiver by defendant of the preliminary steps upon which it now relies, and authorized plaintiff to at once proceed to enforce its contract.

Having so concluded, it follows that the judgment appealed from was and is proper, and it is affirmed.